UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAMEO L. GARRETT, <br><br> Plaintiff, <br><br> v. <br><br> SUPERIOR COURT OF WASHINGTON, et al., <br><br> Defendants. | NO. CV-11-412-JLQ <br><br> ORDER DENYING MOTION FOR EXTENSION OF TIME; DIRECTING JUDGMENT OF DISMISSAL WITHOUT PREJUDICE |

   BEFORE THE COURT is Plaintiff's Motion for Extension of Time (ECF No. 13) to file an Amended Complaint in compliance with this court's prior Orders.

   The court's prior orders have advised Plaintiff of her initial pleading's deficiencies, including her failure to set forth any facts or identify her claims.  This has made it procedurally impossible for the court to determine whether the court has jurisdiction.

   Plaintiff was initially granted forty-five days to file an amended complaint. ECF No. 8.  Plaintiff's December 22, 2011 deadline was then extended twice because of Plaintiff's personal circumstances.   ECF Nos. 10, 12. Plaintiff asserts she remains unable to file the amended complaint because of her ongoing health, financial, and computer/printer access problems. The court notes Plaintiff has been able to write and file a letter and two requests for extensions of time. Plaintiff states in her Motion that she has sent communications to the United Nations and the Office of the Inspector General for the Department of Justice regarding her claims of torture. .

    After according Plaintiff over one hundred days of continuances, this case

ORDER – 1

1  has entirely failed to proceed.   Plaintiff was provided with phone numbers for
2  organizations where she could seek *pro bono* legal assistance.  There is no
3  indication Plaintiff has sought this assistance.
4      The court is required to administer cases to secure "the just, speedy, and
5  inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. The
6  court must balance the need to manage its docket against the Plaintiff's right to be
7  heard.  Plaintiff has been granted the special leniency accorded to pro se litigants in
8  this case, and in her other cases which were summarily dismissed by Judge Shea and
9  Judge Suko. Plaintiff's delay and continued history of delay presents circumstances
10 that are sufficient to warrant dismissal without prejudice.
11     Accordingly, Plaintiff's Motion for Extension of Time (**ECF No. 13**) is
12 **DENIED**.  Plaintiff's Motion for Preliminary Injunction (**ECF No. 3**) is **DENIED**
13 and Plaintiff's Complaint (ECF No. 1) and the claims therein shall be **DISMISSED**
14 without prejudice.
15     **WARNING TO PLAINTIFF**: This court's November 7, 2011 Order stated
16 the filing restrictions which can be placed upon litigants deemed vexatious.  ECF
17 No. 8.  Should Plaintiff decide to file a new case in this district, Plaintiff would be
18 well advised to heed the legal requirements set forth by the court in its earlier
19 screening orders.  Primarily, initial pleadings, regardless of their form, are required
20 to set forth the basis for the court's jurisdiction and state the claims for relief.
21     **IT IS SO ORDERED.**  The Clerk is directed to enter this Order, **ENTER**
22 **JUDGMENT** of dismissal without prejudice of the Complaint (ECF No. 1) and the
23 claims therein, provide copies to Plaintiff, and **CLOSE THE FILE**.
24     DATED this 16TH day of February, 2012.

       s/ Justin L. Quackenbush
       JUSTIN L. QUACKENBUSH
       SENIOR UNITED STATES DISTRICT JUDGE

ORDER – 2